UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ZAFER,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>STEPHEN M. SPENGLER, an individual and in his capacity as a member and manager of CROW'S NEST RANCH, LLC; BARBARA J. SPENGLER, an individual<br><br>　　　　　Defendants. | Case No. 4:20-cv-00197-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction. Dkt. 5. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART the Motion.

## II. BACKGROUND

Plaintiff Michael Zafer seeks declaratory relief from Defendant Steve Spengler and judicial dissolution of Crow's Nest Ranch, LLC ("The Ranch")—a limited liability company managed by Zafer and Spengler as sole members. Zafer alleges jurisdiction

pursuant to 28 USC § 1332(a)(1). § 1391. Dkt. 1, at 2. Zafer is domiciled in California and Spengler is domiciled in Idaho. *Id.* The Ranch's principal place of business and The Ranch's property is in Idaho. *Id.*

In April 2017, Spengler approached Zafer for financial assistance. On May 8, 2017, the parties agreed to form a limited liability company. Also, sometime in May, Zafer loaned Spengler $200,000.00 for the benefit of The Ranch's property in Custer County, Idaho. This loan constituted a portion of Zafer's capital contribution to The Ranch. In July 2017, Zafer made another capital contribution of $400,000.00. The Ranch is managed by Spengler and Zafer with equal (50%) ownership interest. In September 2017, a title commitment was issued by Alliance Title reflecting a settlement and closing date of October 27, 2017. The prior payments made by Zafer, and additional payments totaling $4,738.02 in net credits ($5,695.02 less $957.00 in closing costs) were to be refunded to The Ranch.

The Ranch requires majority approval by its members to authorize any business decisions. On an unspecified date, but sometime after the formation of The Ranch, the credited funds were returned to Spengler. Rather than utilizing the $4,738.02 in refunded costs for The Ranch's property taxes (per the parties' purported agreement), Spengler spent an unknown amount of the funds for his own personal benefit. Zafer demanded that Spengler account for the use of The Ranch funds, but Spengler refused to resolve debts and to reimburse The Ranch.

Zafer filed suit April 22, 2020, bringing the following claims: judicial dissolution (Count I), partition (Count II), breach of fiduciary duty (Count III), unjust enrichment

(Count IV), and quiet title (Count V). Dkt. 1, at 7-10. Spengler now moves to dismiss these counts based upon a lack of subject matter jurisdiction, and in the alternative, asks the Court to dismiss the Complaint based on principles of abstention. Dkt. 5.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction exists in federal court when there is complete diversity of citizenship between all plaintiffs and defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). If any plaintiff is a citizen of the same state as any defendant, diversity is destroyed, and the federal court does not have subject matter jurisdiction. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). The Ninth Circuit has consistently held that LLCs are treated as partnerships in that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

However, courts can ignore the citizenship of "nominal parties" when reviewing diversity. A nominal party is a party that has no interest in the matter. *See Navarro Sav.*

*Ass'n v. Lee,* 446 U.S. 458, 461 (1980); *see also Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002). In determining whether a party should be considered nominal or not, the court must consider the actual interests of the party in the subject matter of the action. *See City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69 (1941). That said, when analyzing whether complete diversity exists, the court may not disregard the citizenship of absent parties who traditionally would be characterized as indispensable. *See* F.R.C.P Rule 19(a). In that instance, the party must be joined even if joinder would destroy subject matter jurisdiction. *Id.* In some situations, the court can determine "whether, in equity and good conscience, the action should proceed among the existing parties, or should be dismissed." F.R.C.P. Rule 19(b). Ultimately, however, if a party has been joined in the action, that party's citizenship must be considered for purposes of determining whether subject matter jurisdiction exists. See *Fadal Machining Centers, LLC v. Mid-Atlantic CNC, Inc*. 464 Fed. Appx. 672, 673 (9th Cir. 2012).

## IV. DISCUSSION

a. <u>Federal Rules of Civil Procedure 12(b)(1)</u>

As noted, Zafer is a resident of California, and Spengler is a resident of Idaho. Because Zafer and Spengler are owners of The Ranch, an LLC, The Ranch is a citizen of both Idaho and California. Because Zafer (as plaintiff) and The Ranch (as a defendant vis-à-vis Steve Spengler) are both citizens of California, complete diversity is destroyed, and the case must be dismissed unless the Court finds The Ranch is a nominal party.

To determine if a party is nominal, the court must consider the nature of the claims and the real interests at play. *See J.R. Simplot Company v. Washington Potato Co.*, 2017

WL 1364576 (W.D. Washington April 14, 2017). LLCs are necessary and indispensable parties in derivative actions. *See Koster v.(Am.) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 523 (1947); *Gamrex, Inc. v. Schultz,* 2010 WL 3943910, at *3 (D. Haw. Sept. 9, 2010); *R. Power Biofuels LLC v. Agri Beef Co.*, 2015 WL 128103 at *3 (D. Idaho Jan. 8, 2015). To determine if an action is derivative, the court must consider who suffered the alleged harm, and who would receive the relief. *R. Power*, 2015 WL 128103, at *4 (citing *Tooley v. Donaldson, Lufkin & Jenrette, Inc.,* 845 A.2d 1031 (Del. 2004)). If the shareholder can demonstrate that the injury alleged was suffered by the shareholder independent from any injury to the entity, then the claim is direct, not derivative. *Id.* For example, a court in the Western District of Washington found that derivative claims brought by the plaintiff on behalf of the LLC, including breach of fiduciary duty and unjust enrichment, rendered the LLC a necessary and indispensable party. *J.R. Simplot Company*, 2017 WL 1364576, at *6.

Here, Zafer brings three derivative claims based upon his status as a shareholder of the LLC: Count III (breach of fiduciary duty), Count IV (unjust enrichment), and Count V (quiet title). Counts III and IV are born out of allegations that Spengler used money intended for the LLC for his own personal gain. Though Zafer may have been harmed, that injury is not independent of his status as a shareholder. Additionally, Zafer brings Count V on behalf of The Ranch in order to exercise the Ranch's right to quiet title. Because these three claims are derivative, The Ranch is a necessary and indispensable party.

However, The Ranch is considered a nominal party for Counts I and II, the dissolution and partition of The Ranch. Courts have routinely held that a business entity

should be considered a nominal party when it has been joined solely for the purpose of dissolution and the distribution of assets or other ministerial tasks because the entity has no real interest in the matter. *Placer Mining Corporation v. Atlas Mining Group, LLC*, 2019 WL 418416, at *2 (D. Idaho Feb. 1, 2019); *Roskind v. Emigh,* 2007 WL 981725, at *3 (D. Nev. April 2, 2017). In *Placer*, the LLC at issue had been administratively dissolved by the state of Idaho and was operationally defunct. *Placer*, 2019 WL 418416.  In that case, the plaintiffs were suing for dissolution and for the appointment of a receiver to distribute the assets of the LLC. *Id.* Judge B. Lynn Winmill found that the LLC had no real interest in the dispute, and thus was considered a nominal party. *Id.*

    Here, the real conflict in Counts I and II is between Zafer and Spengler as to the dissolution and partition of The Ranch. While The Ranch may be a necessary party for dissolution and partition, its role is purely ministerial and to help effectuate relief. Thus, The Ranch may be considered a nominal party, and diversity is not destroyed in Counts I and II.

    Because the interests of The Ranch are directly at issue in Counts III, IV, and V, The Ranch is a necessary and indispensable party. As to these claims, the joining of The Ranch divests the Court of subject matter jurisdiction because the joining party destroys diversity jurisdiction. However, the Court can continue to exercise jurisdiction over Counts I and II, as The Ranch is only a nominal party to the dissolution and partition claims, and thus its diversity should not be considered.

  b. <u>Abstention</u>

    In the alternative to his Motion to Dismiss based on subject matter jurisdiction,

Spengler argues that the Court should dismiss the case based upon abstention. Abstention is a principle whereby a federal court abstains from exercising jurisdiction when the case at hand deals with difficult questions of state law or which may have a substantial effect on state public policy. *See Burford v. Sun Oil Co.,* 319 U.S. 315 (1943); *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). In *Placer*, Judge Winmill invoked this principle in staying the distribution of assets and dissolution of the LLC until state court matters could be resolved. 2019 WL 418418, at *2. The plaintiffs in *Placer* had asked an Idaho state court to appoint a receiver and protect the LLC assets. *Id.* Judge Winmill correctly recognized that the dissolution and distribution of assets in federal court could directly conflict with the state court action and stayed the matter pending resolution in the state court. *Id.* However, he also noted that abstention is "'the exception, not the rule'" and is only appropriate in rare circumstances. *Id.* (quoting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976)).

At this time, there is no pending state court matter that would conflict with the dissolution and distribution of assets as in *Placer*. Additionally, the dissolution of an LLC and the distribution of its assets does not present a complex question of state law, nor does it have any significant impact on state public policy, such that this Court needs to relinquish jurisdiction. Accordingly, the Defendant's request for abstention is denied, and this Court

will continue to exercise jurisdiction over Counts I and II.[1]

## V. ORDER

The Court HEREBY ORDERS:

1. Spengler's Motion to Dismiss (Dkt. 5) is GRANTED in PART and DENIED in PART.

2. Spengler's Motion is GRANTED in that Counts III, IV, and V are dismissed for a lack of subject matter jurisdiction.

3. Spengler's motion is DENIED in that Counts I and II are not dismissed and may proceed as pleaded.

DATED: September 15, 2020

David C. Nye
Chief U.S. District Court Judge

---

[1] The Court recognizes this is not the most judicially efficient result and that it may be more beneficial to the parties to have all claims heard by the same court. Such a determination, however, is up to Zafer. He may choose to dismiss the remaining counts in this action—pursuant to FRCP 41(a)—in order to bring them in state court alongside the dismissed counts or he may choose to pursue them in this forum.